# TIMELINE

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
12/8/2015 1:00:59 PM
CHRISTOPHER A. PRINE
Clerk

| | |
|---|---|
| January 1, 2012 | Employment Agreement |
| April 4, 2012 | IPA Agreement |
| July 27, 2012 | Ross Terminated |
| April 30, 2014 | Arbitration Award |
| May 2, 2014 | Ross Request to Arbitrator to Modify/Clarify Award |
| May 5, 2014 | Company Request to Arbitrator to Modify Award |
| May 16, 2014 | Company filed 2014-28076; obtained T.R.O. |
| May 20, 2014 | Ross Requested Arbitrator resolve amount owed to him |
| May 29, 2014 | Parties appeared before Arbitrator |
| June 2, 2014 | Court denied Company Temporary Injunction |
| June 3, 2014 | Company Non-Suited Cause 2014-28076 |
| July 28, 2014 | Company filed 2014-42950 Pet to Modify and if Modified Confirm Award |
| July 29, 2014 | Ross filed 2014-43614 Declaratory Judgment |
| December 8, 2014 | Court grants Company MSJ |
| April 13, 2015 | Court grants Ross MSJ |

EXHIBIT

Appellant 1

exhibitsticker.com

IN ARBITRATION PROCEEDINGS BEFORE HON. ALICE OLIVER-PARROTT
PURSUANT TO THE INTERIM AND ARBITRATION AGREEMENT DATED EFFECTIVE
MARCH 25, 2013 AND THE INTEREST PURCHASE AGREEMENT
DATED EFFECTIVE JANUARY 1, 2012

| | |
|---|---|
| NATIONAL SIGNS HOLDING, LLC | § |
| | § |
| v. | § |
| | § |
| ALI RASSOULI aka AL ROSS | § |

## FINAL ARBITRATION AWARD

Ali Rassouli aka Al Ross, "Al Ross,"National Signs, Ltd. nka ARNS Holdings, Ltd., PNR Family Partnership, Ltd., and National Leasing Group, LLC, National Signs Holding, LLC, National Signs, LLC, and Louis M. Girard, Jr. each appeared before the undersigned to arbitrate certain claims existing between them. The parties' agreement to arbitrate (marked Exhibit "A") is attached hereto and incorporated herein for all purposes. Having invoked their rights to arbitrate the claims and announcing ready, the parties proceeded to a full arbitration of the claims. The undersigned has considered the parties' filings, the evidence presented, and the arguments of counsel, and issues this final and binding arbitration award. Accordingly, it is

ORDERED, ADJUDGED, and DECLARED under the Texas Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice & Remedies Code, that (1) the Employment Agreement between National Signs, LLC and Ross permitted National Signs, LLC to terminate Ross's employment with or without cause, and (2) National Signs, LLC terminated Ross's employment with cause, but not as cause is defined by the Employment Agreement. The termination of Ross then, by terms of the Employment Agreement, was a "without cause" termination. Al Ross is entitled to recover an amount equal to salary and benefits for the thirty day notice period required for a without cause termination, that being compensation for the period of July 26, 2012 to August 26, 2012, plus the aggregate amount of his compensation for the three months preceeding the date of his termination, any amount for any unused vacation time accrued during 2012, and the reasonable value of COBRA healthcare coverage for the three months following his termination. If the parties cannot stipulate to those amounts within 30 days of this award, written evidence will be submitted pursuant to Exhibit A to the undersigned arbitrator as to the parties' disputed amounts due and owing to Ross pursuant to this mandated calculation. It is further

ORDERED, ADJUDGED, and DECLARED under the Texas Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice & Remedies Code, that the non-compete obligations imposed on Ross by the Employment Agreement between National Signs, LLC and Ross, and the Interest Purchase Agreement between National Signs, Ltd., Ross, and National Signs Holding, LLC remain valid and enforceable obligations against Ross. The non-compete obligations imposed on Ross by the Employment Agreement extend for 2 years after August 26, 2012, until August 26, 2014, and the obligations imposed on Ross by the Interest Purchase

EXHIBIT

Appellant 2

exhibitsticker.com

EXHIBIT 2

Candidate, with the knowledge of that Person's status as a Acquisition Candidate, for the purpose of acquiring that Person or arranging the acquisition of that Person by any Person other than Buyer.

Notwithstanding the foregoing, any Restricted Party may own and hold as a passive investment up to 1% of a class of the outstanding capital stock of a competing Entity if that class of capital stock is publicly traded on a recognized national exchange. Notwithstanding the foregoing, this Section 7.10 shall terminate if Ross is terminated by the Buyer without "Cause" (as such term is defined in the New Employment Agreement between the Buyer and Ross).

(b)     Should the Closing not be completed, then Buyer agrees that it will not during the period beginning on the date hereof and ending on the third anniversary of the earlier to occur of the Termination Date or the Closing Date, (i) directly or indirectly, for any reason, for his own account or on behalf of or together with any other Person, call on any natural Person who is at that time employed by the Company with the purpose or intent of attracting that Person from the employ of the Company or (ii) engage or participate in any effort or act to canvass, solicit, approach, entice away from, or to induce in any way to alter their association with the Company or its respective Affiliates any individual or entity who is a customer, vendor, supplier or contractor of the Company or its respective Affiliates.

(c)     Notwithstanding the provisions of Section 7.9, because of the difficulty of measuring economic losses to Buyer as a result of any breach by the Interest Holder of his covenants in Section 7.10(a) and because of the immediate and irreparable damage that could be caused to Buyer for which it would have no other adequate remedy, the Interest Holder agrees that Buyer may enforce the provisions of Section 7.10(a) by injunctions and restraining orders against the Interest Holder if he breaches any of those provisions.

(d)     Each of the Parties agrees and acknowledges that the limitations as to time, geographical area and scope of activity to be restrained as set forth in Section 7.10(a) are reasonable and do not impose any greater restraint than is necessary to protect the legitimate business interests of Buyer, the Target (following the Closing) and their respective Affiliates, including the protection of the goodwill transferred herewith. Each Party hereby represents that he or it, as applicable, has read and understands, and agrees to be bound by, the terms of this Section 7.10. Each of the Parties acknowledges that the geographic scope and duration of the covenants contained in Section 7.10(a) are the result of arm's-length bargaining and are fair and reasonable in light of (i) the nature and geographic scope of the operations of the Business of the Company, (ii) the amount of confidential and proprietary information regarding the Company and the Business that is in the possession of, and that will become in the possession of, Interest Holder, (iii) Interest Holder's level of control over and contact with the Business conducted by the Company in all jurisdictions in which it is conducted, (iv) the amount of goodwill for which Buyer is paying, and (v) the consideration that Interest Holder has received or will receive by entering into this Agreement. It is the desire and intent of the Parties that the provisions of this Section 7.10 be enforced to the fullest extent permitted under applicable Laws, whether now or hereafter in effect and therefore, to the extent permitted

EXHIBIT

Appellant 3

exhibitsticker.com